UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR LYNN STEPHENS,

    Petitioner,                                       Case No. 06-CV-14885
                                                         HONORABLE AVERN COHN

v.

CAROL HOWES,

    Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Victor Lynn Stephens (Petitioner) is a state prisoner serving a sentence of two to five years for receiving and concealing stolen property and a sentence of six to twenty years for first-degree home invasion following a guilty plea. Petitioner has filed a pro se petition for writ of habeas corpus claiming that the trial court erred in refusing to grant a downward departure. For the reasons which follow, the petition will be denied.

### II. Procedural History

In 2004, Petitioner was charged with receiving and concealing stolen property and first-degree home invasion. The charges stem from Petitioner stealing a purse from a car parked in a garage at a private residence. Because Petitioner had prior felony convictions, the prosecutor's office notified Petitioner that it would file a habitual offender notice (fourth habitual). In exchange for dismissal of the habitual offender enhancement and an agreement by the trial court that Petitioner would be sentenced at

the bottom of the guidelines, Petitioner plead guilty to both charges. The trial court accepted the guilty plea. Petitioner's guidelines were 72 to 122 months. At sentencing, Petitioner's counsel argued for a downward departure based on Petitioner's cooperation and fear of returning to prison after assisting authorities. The trial court declined to award a downward departure; however it did sentence Petitioner to the bottom of the guidelines. Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, raising the following claim:

> I. The trial court abused its discretion in refusing to depart downward from the guidelines based on [Petitioner's] extensive cooperation with police at a risk to himself and resentencing is required.

The Michigan Court of Appeals denied the application for leave "for lack of merit in the grounds presented." People v. Stephens, No. 268860 (Mich. Ct. App. Apr. 19, 2006). Petitioner filed a delayed application for leave with the Michigan Supreme Court raising the same claim. The Michigan Supreme Court denied leave to appeal in a standard order. People v. Stephens, 476 Mich. 867 (2006) (Table).

Thereafter, Petitioner filed the instant petition raising the same sentencing claim presented in the state courts.[1]

### III. Analysis

Petitioner contends that the trial court abused its discretion in refusing to depart downward from the sentencing guidelines range. This claim presents a matter of state law which is not cognizable upon federal habeas review. See Estelle v. McGuire, 502

---

[1]Petitioner did not file a brief in support of the petition. However, he attached the briefs filed in the state courts. Thus, the Court assumes that Petitioner is raising the same sentencing claim in the petition that he raised in the state courts.

U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state court determinations on state law questions"). There is also no federal constitutional right to individualized sentencing. See United States v. Thomas, 49 F.3d 253, 261 (6th Cir.1995). Consideration of mitigating factors is only required in the context of sentencing in capital cases. See Harmelin v. Michigan, 501 U.S. 957, 996 (1991). Any error in refusing to depart below the sentencing guideline range does not merit federal habeas relief. See Lewis v. Prelesnik, No. 05-CV-73438-DT, 2007 WL 674609, *4 (E.D. Mich. March 5, 2007). As such, Petitioner is not entitled to habeas relief on his sentencing claim.

IV. Conclusion

For the reasons stated above, the petition for writ of habeas corpus is DENIED. This case is DISMISSED.

   s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: October 24, 2008

I hereby certify that a copy of the foregoing document was mailed to Victor Stephens 155108, Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036 and the attorneys of record on this date, October 24, 2008, by electronic and/or ordinary mail.

   s/Julie Owens
Case Manager, (313) 234-5160